IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRADFORD SAVAGE,                                    Case No. 07-1078-HO

        Plaintiff,                                ORDER

  v.

Commissioner of Social Security,

        Defendant,

    Plaintiff filed this action for review of the decision of the Commissioner denying his applications for supplemental security income benefits.  For the reasons discussed below, the decision of the Commissioner is affirmed.

    The administrative law judge provided sufficient reasons supported by substantial evidence to reject Dr. Sacks's rating of impairment severity, which is contradicted by the opinions of agency physicians and the medical expert.  As noted by the ALJ, Dr. Sacks did not explain his rating (Tr. 25), although the form called for him to do so.  (Tr. 304).  The ALJ also properly found the rating inconsistent with Dr. Sacks's report, in which Dr.

Sacks described a generally normal mental status examination and global assessment of functioning score of 51. (Tr. 25). Dr. Sacks's rating with respect to plaintiff's social functioning and concentration, persistence or pace is consistent with the ALJ's assessment of plaintiff's residual functional capacity. Nothing in Dr. Sacks's report supports his conclusions that plaintiff has marked limitations in activities of daily living and experienced one or two episodes of decompensation, however. (Tr. 298-303). Dr. Sacks did not review medical records and obtained the information in the report from plaintiff, without corroboration. (Tr. 298). The ALJ did not have to contact Dr. Sacks, as plaintiff contends. Dr. Sacks's report states the information on which it is based. Id.

The ALJ did not err, as plaintiff contends, in relying on a portion of Dr. Sacks's report as a reason to give significant weight to opinions of state agency psychological consultants. (Tr. 27). As noted by the Commissioner, the ALJ did not reject Dr. Sacks opinion in full. The ALJ rejected Dr. Sacks's ratings of severity with respect to ADLs and episodes of decompensation.

The ALJ provided sufficient reasons supported by substantial evidence to reject the contradicted opinion of Dr. Balsamo that plaintiff is markedly limited in occupational functioning with a GAF score of 30. The ALJ correctly noted that Dr. Balsamo did not perform psychological testing beyond the mental status

examination, Dr. Balsamo's opinion is inconsistent with that of Dr. Gostnell, who performed such testing, and the ME testified that a GAF score of 30 would require institutionalization and that plaintiff is better after discontinuing use of heroin. (Tr. 27, 286-295, 378-79, 382).

Any error by the ALJ in failing to examine plaintiff for noncompliance with mental health treatment is harmless. Plaintiff's contention that he believed auditory hallucinations were normal is undermined by his testimony that he used drugs to "quiet the voices." (Tr. 365). While plaintiff asserts that his noncompliance with treatment is attributable to lack of financial resources, the ALJ cited to substantial evidence of noncompliance with treatment at times when plaintiff had access to treatment. (Tr. 26, 186, 190-91, 265). Dr. Balsamo's report is further evidence that plaintiff chose heroin over prescription anti-psychotic medication. (Tr. 352).

The ALJ stated clear and convincing reasons supported by substantial evidence to find plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms not entirely credible. The ALJ cited to the evidence of volitional noncompliance with treatment, discussed above. (Tr. 26). The ALJ further cited to plaintiff's inconsistent statements regarding his social and occupational abilities. (Tr. 26, 228, 315). The ALJ noted that plaintiff's complaints of

3 - ORDER

physical impairments are unsupported in the medical record.  (Tr. 26).  The ALJ noted the evidence that plaintiff can go out alone every day, use public transportation, shop, paint and perform yardwork.  (Tr. 27, 149, 151-52).  This evidence further establishes that plaintiff has no problems with personal care.  (Tr. 150).  The ALJ cited to the ME's testimony that a Department of Corrections social worker considered the possibility of malingering, and that results of the MMPI-2 showed a tendency toward symptom exaggeration, although the ME could not determine the degree of symptom magnification and did not determine that plaintiff is malingering. (Tr. 27, 222, 381).  The ALJ accurately set forth the conflicting medical evidence.  As noted above, the ALJ stated sufficient reasons to reject the medical evidence favorable to plaintiff's claim that he is disabled.

Plaintiff argues that the ALJ improperly disregarded the entirety of his mother's statement.  Plaintiff misreads the decision.  (Tr. 28).  The ALJ accurately determined that the witness's recorded observations reflect plaintiff's diminished capacity but are not conclusive of disability and are accommodated by the ALJ's assessment of plaintiff's RFC.  (Tr. 28, 149-155).  The court also notes that plaintiff misstates that his mother stated that he is unable to prepare his own meals.  Compare Pl's Brief at 15, with (Tr. 151).

Plaintiff fails to demonstrate that the decision of the

Commissioner is not based on substantial evidence or the result of legal error.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this __11th__ day of September, 2008.

                                             ___s/ Michael R. Hogan___
                                             United States District Judge